UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PROVERIS SCIENTIFIC CORPORATION,

    Plaintiff,

v.

INNOVASYSTEMS, INC.,

    Defendant.

Civil Action No. 05-12424-WGY

## PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF CHARLES NORMAN QUINN

Pursuant to FED. R. EVID. 104(a), 701, 702, FED. R. CIV. P. 37(c)(1), 26(a)(2)(B), and Local Rule 7.1, Plaintiff Proveris Scientific Corporation ("Proveris") hereby moves for a finding that Charles Norman Quinn, the designated "expert" witness of Defendant InnovaSystems, Inc. ("Innova"), is not qualified to testify as an expert in this matter and thus the Court should exclude Quinn's testimony and report from evidence.[1] The Court should find Quinn unqualified to testify and exclude Quinn's testimony and report for two reasons. First, Quinn is not qualified to render expert opinions regarding the technology at issue in this case. Second, the Court should find Quinn unqualified to testify and exclude Quinn's legal opinions because his opinions are conclusory, legally inaccurate, and do not aid this Court or the fact finder in evaluating this

---

[1] Proveris has moved to preclude Quinn from testifying as soon as practicable given the circumstances of this case. As the Court may recall, Innova served Proveris with Quinn's expert report well after the deadline. Though the Court ruled on February 13, 2007, that Innova's untimely service would be allowed, the Court also ruled that Innova must make Quinn available for a deposition in advance of the trial. That deposition occurred just several weeks ago, on February 22, 2007. During the final pretrial conference on February 20, 2007, in response to an inquiry by Proveris regarding the possibility of filing motions *in limine* to exclude expert testimony, the Court commented that it would entertain such motions up to the trial start date and provided the parties with the bases on which it excludes experts. Proveris thus files its motion to exclude the testimony and report of Quinn in accordance with the standards established by the Court.

case.  In further support of its motion, Proveris refers the Court to the accompanying memorandum of law and the Declaration of Annapoorni R. Sankaran submitted contemporaneously herewith.

WHEREFORE, Proveris respectfully requests the Court to find Charles Norman Quinn is not qualified as an expert witness in this case and to preclude him from testifying at trial.

LOCAL RULES 7.1(A)(2) and 37.1(A) CERTIFICATION

I, Annapoorni R. Sankaran, hereby certify that on March 19, 2007 I contacted counsel for Innova by electronic mail and attempted in good faith to resolve issues regarding Proveris' Motion to Exclude the Testimony of Charles Norman Quinn.  Innova does not assent.

Respectfully submitted,

PROVERIS SCIENTIFIC CORPORATION,

By its attorneys,

/s/ Annapoorni R. Sankaran
Annapoorni R. Sankaran (BBO #631065)
Edward E. Hale, Jr. (BBO #651272)
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA  02110
(617) 310-6000 (tel)
(617) 310-6001 (fax)

Gerard F. Diebner (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY  10166
(212) 801-9200 (tel)
(212) 801-6400 (fax)

DATED: March 19, 2007

2

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants as of March 19, 2007.

/s/ Annapoorni R. Sankaran