```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3   _____

 4   PROVERIS SCIENTIFIC CORPORATION,

 5                      Plaintiff,      Civil Action
                                        No. 05-12424-WGY
 6   V.
                                        April 21, 2010,
 7   INNOVASYSTEMS, INC.,               2:15 p.m.
                        Defendant.
 8   _____

 9

10

11              TRANSCRIPT OF MOTION HEARING

12         BEFORE THE HONORABLE WILLIAM G. YOUNG

13              UNITED STATES DISTRICT COURT

14            JOHN J. MOAKLEY U.S. COURTHOUSE

15                    1 COURTHOUSE WAY

16                    BOSTON, MA  02210

17

18

19

20
                     DEBRA M. JOYCE, RMR, CRR
21                    Official Court Reporter
                   John J. Moakley U.S. Courthouse
22                  1 Courthouse Way, Room 5204
                         Boston, MA  02210
23                       617-737-4410

24

25
```

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF:
     VICTOR H. POLK , JR., ESQ.
 3   Greenberg Traurig LLP
     One International Place
 4   Boston, MA 02110
     617-310-6010
 5
     SUSAN HANMER FARINA, ESQ.
 6   Proveris Scientific Corporation
     142 North Road
 7   Suite R
     Sudbury, MA 01776
 8   978-371-8822 x.202

 9   FOR THE DEFENDANT:

10   DAVID J. SPRONG, ESQ.
     Becker Meisel LLC
11   354 Eisenhower Parkway
     Plaza II, Suite 1500
12   Livingston, NH 07039

13   JEFFREY E. FRANCIS, ESQ.
     Sullivan & Worcester LLP
14   One Post Office Square
     Boston, MA 02109
15   617-338-2800

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              (The following proceedings were held in open
 3    court before the Honorable William G. Young, United States
 4    District Judge, United States District Court, District of
 5    Massachusetts, at the John J. Moakley United States Courthouse,
 6    1 Courthouse Way, Boston, Massachusetts, on April 21, 2010.)
 7              THE COURT:  We'll call the next case.
 8              LAW CLERK:  Calling civil action 05-12424.
 9              THE COURT:  And this is Proveris Scientific v.
10    Innovasystems.
11              MR. POLK:  Your Honor.  Victor Polk for the
12    plaintiff.
13              MS. FARINA:  Susan Farina for the plaintiff.
14              MR. SPRONG:  Good afternoon, your Honor.  David Sprong
15    admitted pro hac vice from Becker Meisel in New Jersey for
16    defendant Innovasystems.
17              MR. FRANCIS:  Your Honor, Jeffrey Francis for
18    Innovasystems.
19              THE COURT:  Good afternoon, thank you for attending
20    this session of the court.  This is on based on Proveris'
21    motion for finding of contempt.  I've carefully reviewed all
22    the papers.  In order for there to be a contempt there has to
23    be a clear and undoubted violation of a clear and unequivocal
24    order.  The record does not support such a conclusion here, and
25    the Court is not disposed to engage in an evidentiary hearing
```

1 on the subject of contempt.  So the motion for contempt is
2 denied without hearing.
3 However, what the Court has before it, of course, is a
4 plausible allegation that this Court's permanent injunction has
5 been violated by Innovasystems.  And Innovasystems denies it.
6 And, of course, my mind is open.  But this Court takes its
7 orders very seriously.  And it's injunctive relief.  So a
8 prompt evidentiary resolution would seem to be appropriate, and
9 I propose to get right to it and draw a conclusion by a fair
02:19 10 preponderance of the evidence whether Innovasystems has in
11 point of fact violated the permanent injunction which this
12 Court entered against it.
13 Mr. Polk, when do you want to start that hearing?
14 MR. POLK:  Your Honor, before I answer your question,
15 is there any chance I could be heard on the merits?
16 THE COURT:  There is not.  Well, you are going to be
17 heard on the merits.  You're going to be heard on the merits.
18 You're going to get a chance to put up.  You're going to get a
19 chance to call evidence, and we decide matters based upon a
02:19 20 true resolution.
21 MR. POLK:  I understand.
22 THE COURT:  Contempt is not the way to go here.  Make
23 no mistake, I'm not sitting still and letting my orders be
24 flouted.  If they have violated my orders, I have it well
25 within my power to enter such sanctions that will make Proveris

```
 1    whole and do so promptly.  But we're not doing it by way of
 2    contempt.
 3             Now, when do you want to be heard?
 4             (Discussion off the record.)
 5             MR. POLK:  It's an evidentiary hearing --
 6             THE COURT:  It's a trial.
 7             MR. POLK:  -- on new infringement with new claim
 8    construction, or a trial on whether they have sold a product
 9    which is precluded by your injunction?
02:20 10       THE COURT:  It's a trial having to do with the
11    violation of my injunction.
12             MR. POLK:  Your Honor, we're ready for trial
13    within -- I might take one deposition, I'd say 30 days.
14             THE COURT:  Thirty days.  All right.  Suppose I put it
15    down 30 days from today and commence that hearing.
16             MR. SPRONG:  Your Honor, outside the context of
17    contempt, though, the Arbek case essentially says that a
18    potential infringer has the right to defend that claim of
19    infringement at a new trial.
02:20 20       THE COURT:  Go ahead.  I'm going to give you that.
21             MR. SPRONG:  Okay.  So I'm not sure we can prepare for
22    a completely new trial with a Markman hearing within 30 days.
23             THE COURT:  We'll certainly start.  When can we do the
24    Markman hearing?
25             MR. SPRONG:  Your Honor, I suppose 30 days would be
```

```
 1  fine with us.
 2           THE COURT:  All right.  Wait a minute.
 3           MR. POLK:  Sorry.
 4           THE COURT:  Wait a minute.  That being so, if I need
 5  to do any claim construction, why shouldn't I do that?  I
 6  think -- I think they're entitled to -- they think they've got
 7  a design around here.
 8           MR. POLK:  I understand, your Honor.  But if -- what
 9  our case is to show is that they have not made a material
10  change in the product, that the product that they are selling
11  is what you have enjoined.
12           THE COURT:  Let me tell you, if they have successfully
13  designed around it, you can get no relief.  I don't see how the
14  standards are any different.
15           MR. POLK:  No --
16           THE COURT:  And so that may require -- this case was
17  resolved by settlement.
18           MR. POLK:  No, it was not, your Honor.  That's not
19  correct.
20           THE COURT:  It was resolved by trial.
21           MR. POLK:  It was resolved by trial and you entered a
22  final judgment.
23           THE COURT:  That's fine.  To tell you the truth, I've
24  forgotten.  I'm not going back on things I've already decided,
25  that's true.  They're stuck with that.  So any claim
```

```
 1   construction that there may be is already taken care of.
 2           MR. POLK:  Actually, your Honor, if I could, because
 3   I think this is important.
 4           THE COURT:  Go head.
 5           MR. POLK:  And that is, what happened here is, you
 6   may recall if I remind you --
 7           THE COURT:  Evidently I don't.
 8           MR. POLK:  -- they conceded liability on these nine
 9   claims.
10           THE COURT:  Right.
11           MR. POLK:  So there was not a claim construction on
12   those nine claims.
13           THE COURT:  All right.
14           MR. POLK:  And what the case -- federal circuit case
15   law says is that in a situation where the Court has -- they've
16   admitted liability, they can't now come in with a new claim
17   construction and retry what they conceded to you before.
18           THE COURT:  I agree with that.
19           MR. POLK:  And so what my vision of what my case is
20   is to prove that they have not, in fact, designed around it,
21   that there's not a material difference in that product; it's,
22   therefore --
23           THE COURT:  It seems to me we're all talking the same
24   thing.
25           MR. POLK:  Well, I don't think so.  Because I think
```

1    what my colleague is saying is he's going to do a Markman
2    hearing, do a new claim construction on claims that weren't
3    construed before because they admitted liability on them.
4            THE COURT:  Well, then -- Mr. Polk, I can handle these
5    matters -- and I say this with respect -- I can handle them as
6    an intellectual matter, but I'm certainly going to give
7    Innovasystems all the process as is it's due.  The stakes are
8    rather high for it.
9            MR.  POLK:  I understand that.
02:23 10     THE COURT:  If they lose, this is not just a new
11   infringement case, this is a case where they will have violated
12   the plain meaning of a Court order.  I can think of lots of
13   things that are appropriate in such a circumstance.  What I
14   cannot abide is going off half-cocked.
15           It's one thing -- it's one thing to get a prompt
16   trial, but trial there will be.
17           Now, in doing this claim construction, of course, I
18   will have to have in mind that what the procedural history of
19   the case is.  I'm now -- we're talking scheduling.
02:24 20     So let's say 30 days -- how about the 20th of May at
21   2:00 p.m. for such claim construction as may be necessary.
22   Plaintiff to submit -- rather, the defense, since the defense
23   wants things construed here, defense to submit its proposed
24   claims by the meeting to be construed by Wednesday the 5th of
25   May, and Proveris to submit its opposing construction, if any

```
 1      there be, by Wednesday the 12th of May.
 2              Once I've construed the claims, this is jury waived,
 3      it's a violation of a preliminary injunction, trial will follow
 4      immediately.  Assuming I can schedule it.  I have other things
 5      to do, but as soon as I can get you to trial, you folks are
 6      going to go to trial.
 7              MR.  POLK:  Your Honor --
 8              THE COURT:  Yes.
 9              MR.  POLK:  The one issue, which is a personal issue,
10      is my daughter's graduation from high school.
11              THE COURT:  And that's very important.
12              MR.  POLK:  My wife will --
13              THE COURT:  Which is when?
14              MR.  POLK:  It is -- I'm looking for it, but it is
15      June -- I believe --
16              THE COURT:  Just tell me the days you want off.
17              This is so important, Mr. Polk, one would think you
18      would have it --
19              MR.  POLK:  No, I promise you, I would not have it --
20              THE COURT:  -- in mind.
21              MR.  POLK:  But June 10th, your Honor.
22              THE COURT:  June 10th.
23              MR.  POLK:  I should.
24              THE COURT:  Thursday the 10th of June.
25              And you do not want to sit that day.
```

|   |   |
|---|---|
| 1 | MR. POLK: I do not want to sit that day. |
| 2 | THE COURT: We won't. Defense, same sort of issues. |
| 3 | Now, of course, in my mind is that you may resolve this, and if you do, fine. This Court is sweet reasoned to give you whatever time you need. Don't ever -- Mr. Polk knows this -- don't ever call and say it's resolved unless it's really resolved. |
| 8 | MR. SPRONG: Yes, your Honor. |
| 9 | THE COURT: Here's my intent, and I'm sorry that I don't have my long-standing courtroom deputy here. |
| 11 | We'll do the Markman hearing, if necessary, maybe we'll call that off, but that's not a trial, but that's up to you folks. But I'll give you that afternoon for the Markman hearing and such other time as is necessary. Then as soon as I can get you trial, jury waived, we're going to trial. And I'll want to sit down with you sometime around the Markman hearing to block out how long it will be necessary and the like. |
| 18 | He's right. You can't go back to ground zero because of the prior proceedings. At the same time, you're right, a design around is not actionable, and they cannot prevail. |
| 21 | Proveris, if there has been -- and your papers obviously touch this note -- that you've designed around and you have competent patent counsel anyway who is saying to you that what you've done is all right. I don't know, as is obvious. I needed Mr. Polk to refresh my recollection. My |


1  MR. POLK: I do not want to sit that day.
2  THE COURT: We won't. Defense, same sort of issues.
3  Now, of course, in my mind is that you may resolve
4  this, and if you do, fine. This Court is sweet reasoned to
5  give you whatever time you need. Don't ever -- Mr. Polk knows
6  this -- don't ever call and say it's resolved unless it's
7  really resolved.
8  MR. SPRONG: Yes, your Honor.
9  THE COURT: Here's my intent, and I'm sorry that I
10 don't have my long-standing courtroom deputy here.
11 We'll do the Markman hearing, if necessary, maybe
12 we'll call that off, but that's not a trial, but that's up to
13 you folks. But I'll give you that afternoon for the Markman
14 hearing and such other time as is necessary. Then as soon as I
15 can get you trial, jury waived, we're going to trial. And I'll
16 want to sit down with you sometime around the Markman hearing
17 to block out how long it will be necessary and the like.
18 He's right. You can't go back to ground zero because
19 of the prior proceedings. At the same time, you're right, a
20 design around is not actionable, and they cannot prevail.
21 Proveris, if there has been -- and your papers
22 obviously touch this note -- that you've designed around and
23 you have competent patent counsel anyway who is saying to you
24 that what you've done is all right. I don't know, as is
25 obvious. I needed Mr. Polk to refresh my recollection. My

```
    1   mind is truly open, but a trial will tell.
    2           Any questions?
    3           Mr. Polk.
    4           MR. POLK:  If we want to do a quick document request
    5   in the next couple weeks --
    6           THE COURT:  I expect complete agreement on both sides.
    7   I expect you both to be completely forthcoming with respect to
    8   discovery.  I'm trying to hold the costs down, that affects you
    9   both.  I'll be around for most of the time between now and
02:28 10   then.  If there's any disputes, bring them to my attention.
   11           MR. POLK:  I'm sorry, your Honor --
   12           THE COURT:  Is that it?
   13           MR. POLK:  -- I just wanted to ask that we have an
   14   agreement that there be a response and documents within 14
   15   days.
   16           THE COURT:  It could be faster than that, but I expect
   17   it to be immediate.  Now get going and they're going to have to
   18   promptly respond and the like.
   19           Defense, any questions?
02:28 20           MR. SPRONG:  None, your Honor.
   21           THE COURT:  Thank you.
   22           MR. POLK:  Thank you.
   23           THE COURT:  All right.  We'll stand in recess.
   24           (Court adjourned at 2:29 p.m.)
   25
```