UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PROVERIS SCIENTIFIC CORPORATION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INNOVASYSTEMS, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 05-12424-WGY |

## MEMORANDUM OF LAW IN SUPPORT
## OF PROVERIS'S MOTION TO COMPEL

Defendant InnovaSystems, Inc. ("Innova") has refused to provide discovery relating to the remaining issues before this Court: the determination of sanctions and willfulness. This discovery should be central to this Court's determination of whether Innova's contemptuous conduct was (and still is) willful and to the sanctions the Court will order. Despite the relevance of the discovery – or because of its relevance – Innova has failed to produce the discovery and has offered no basis whatsoever for its failure. The Court should not be stymied by Innova's stonewalling tactics in its efforts to determine a proper sanction.

### Procedural Posture

On March 3, 2010, Proveris Scientific Corporation ("Proveris") filed its Motion for Finding of Contempt Against InnovaSystems, Inc. Shortly thereafter, and consistent with the Court's expedited discovery schedule, Proveris served Innova with interrogatories and document requests seeking information relevant, among other topics, to sanctions and willfulness. (See Proveris Scientific Corporation's First Set of Interrogatories to Defendant InnovaSystems, Inc. Regarding Contempt ("Interrogatories"), Interrogatory No. 10, a true copy of which is attached

To the Affidavit of Victor H. Polk, Jr. ("Polk Aff.") as Exhibit A; Proveris Scientific Corporation's First Request for Production of Documents to Defendant InnovaSystems, Inc. Regarding Contempt ("POD Requests"), Document Request No. 5, a true copy of which is attached to the Polk Aff. as Exhibit B.)

At a hearing held in May 2010, the Court determined that it would first consider the issue of liability for contempt by means of a motion for summary judgment before considering the issues of sanctions and willfulness. (Transcript of Hearing, May 20, 2009, at 14 ("May Tr."), a true copy of which is attached to the Polk Aff. as Exhibit C.) At the time, Innova's counsel specifically stated that discovery on sanctions, which encompasses the issue of willfulness, would follow a determination of liability:

> MR. SPRONG: Yes. Your Honor, then if we were to move on to, if infringement, as you call it liability of infringement were determined, then I think we would have an evidentiary hearing on remedy and that would require an additional brief round of discovery as to what damages may be –

(May Tr. at 20.) Innova responded to Proveris's discovery requests shortly after the hearing.

Innova's answers to the Interrogatories consisted almost entirely of deflection by referring Proveris to the documents Innova produced in response to the Requests. (Innova's Answers to Plaintiff's First Set of Interrogatories Regarding Contempt ("Answers"), a true copy of which is attached to the Polk Aff. as Exhibit D.) Innova's entire response to the discovery requests regarding sales and offers for sale, which did not include a written response as required by Fed. R. Civ. P. 34, is attached to the Polk Aff. as Exhibit E. Since that response, which Innova "completed" on May 25, 2010, Innova has not produced another document.

While Innova's production has been scant, Proveris obtained additional documents through the subpoena process. The information obtained by Proveris through the subpoena

process includes email correspondence, quotations, and other documents initiated by Innova that Innova failed to produce to Proveris. For example, documents produced by Merck demonstrate that Merck questioned Innova's ability to sell the ADSA in light of the '400 patent. Innova's explanation to Merck, which simply directed Merck to the CKVN Opinion Letter attorney and apparently did not satisfy Merck, is directly relevant to the willfulness issue. (See Documents MERCK_INNOVA000012-14, 000075-76, 000177-178, 000201, a true copy of which is attached to the Polk Aff. as Exhibit F.) Moreover, documents produced by Merck demonstrate that Innova charged Merck $15,300 to perform a study on the ADSA analyzing whether the ADSA could be used in place of Proveris's SprayVIEW© instrument, which embodies the '400 patent technology. (Id. at MERCK_INNOVA000018, 000024, 000029-40, 000131-132, 000135-136, 000143-152.) That information is directly relevant to the sanctions issue. Again, however, Innova failed to produce any documents related to this service and its use of the ADSA.

On September 21, 2010, this Court found Innova to be in contempt: "[T]his Court holds Innovasystems, Inc. in contempt of court for violating this Court's permanent injunction order dated, May 11, 2007." (Docket No. 208.)

Given the Court's ruling, on September 28, 2010, Proveris asked Innova to provide the withheld discovery concerning sanctions and willfulness. (See Email exchange between Victor Polk and Timothy Szuhaj, a true copy of which is attached to the Polk Aff. as Exhibit G.) Counsel for Innova responded that he would "confer with [his] client and get right back to" Proveris's counsel. (Id.) Despite being reminded that a response was outstanding, Innova has been absolutely silent and has failed to provide any additional documents or interrogatory answers.

While Innova did produce in May 2010 some invoices for sales of its infringing ADSA equipment, it has not produced emails, quotations, letters, or copies of demonstration videos. It has not produced documents related to its communications with Merck, Valois, Pfeiffer, MedImmune, University of Pittsburgh, other actual or potential customers, distributors Westech (other than two quotations), LTB Associates, Ltd and AIMIL Ltd. (other than an unsigned distributor agreement), or with its European Sales Director. It also has not produced any materials whatsoever from its Director of Sales, Henrik Krarup ("Krarup"). Further, Innova has not made any continuing document production since its production in May. Yet, Proveris understands that Innova has sold additional ADSA equipment since an Innova customer informed Zachary Pitluk of Proveris that the company purchased an ADSA over the summer. (Affidavit of Zachary Pitluk ("Pitluk Aff.") ¶ 2, filed together herewith.)

Moreover, an email forwarded to Pitluk on October 19, 2010, indicates that even <u>after</u> this Court found Innova to be in contempt, Krarup, on behalf of Innova, is <u>still actively marketing the ADSA.</u> (Pitluk Aff. ¶ 3.)

## ARGUMENT

**THE COURT SHOULD COMPEL INNOVA TO PRODUCE ALL RELEVANT INFORMATION OR ORDER INNOVA TO OPEN ITS RECORDS TO, AND PAY FOR, A FORENSIC ACCOUNTANT.**

The basis for an order compelling discovery from Innova is straightforward. This Court found Innova to be in contempt. The remaining issues before the Court are willfulness and sanctions. Innova has refused to provide discovery directly relevant to these issues. Indeed, Innova has responded to Proveris's requests for production with obfuscation and a wall of

silence. For example, Innova's answer to Interrogatory No. 8 directs Proveris to its answer to Interrogatory No. 7, which directs Proveris to documents produced by Innova, as follows:

### Interrogatory No. 8

For each ADSA that Innova has sold, rented, or leased, describe in detail and quantify (a) the revenue, gross margin, gross profit, net margin, net profit, unit per transaction, that has been and/or is still to be generated by each transaction, including a description of how, and the calculations by which, you quantified such revenues, margins, profits and sales; and (b) any revenue and profits on related accessories, actuators, and/or service contracts.

### Innova Answer

8.   Innova objects to Interrogatory No. 8 to the extent that it is overbroad, vexatious and seeks disclosure of confidential business information. With respect to ADSAs sold, see response to Interrogatory 7.

The answer to Interrogatory No. 8 provides no information and the answer to Interrogatory No. 7 does not provide the information sought in Interrogatory No. 8. After stating its objection, Innova's answer to Interrogatory No. 7 is:

> Innova has not made, marketed, promoted, offered for sale, exported, imported and/or sold OSA since the original trial in this matter. All of the information regarding customers or potential customers to which Innova has attempted to sell, or has actually sold ADSA have been identified in the documents produced by Innova. ... The information produced also contains a list of potential client leads.

Nothing in the answer to Interrogatory No. 7 provides any of the information requested in Interrogatory No. 8, which seeks information directly related to this Court's determination of the sanctions issue: gross and net revenue calculation explanations, accessory and service revenue information, etc. No proper reason exists for Innova to withhold this information.

As hard as it is to imagine, Innova's responses to the relevant document requests are even worse than its Answers since Innova failed to provide a written response as mandated by Fed. R. Civ. P. 34(b)(2), and failed to provide any documents related to its attempts to sell the ADSA, its use of the ADSA, or its communications with customers regarding the ADSA and how it differs

from the OSA. This information plainly relates to the willfulness issue; yet, and perhaps not surprisingly, Innova has not produced any of it. Given the documentation Proveris obtained by means of subpoenas, however, (see, e.g., Polk Aff. Ex. F), Innova unquestionably has relevant information but has purposefully withheld it.

As for sanctions, Proveris's Document Request No. 10 is directly on point to the issue:

**Document Request No. 10**

Produce any and all documents and things concerning the revenue, gross margin, gross profit, net margin, net profit, unit per transaction, that has been and/or is still to be generated by each sale, lease, or rental transaction for an ADSA and/or any and all related accessories, actuators, and/or service contracts including, without limitation, income statements, balance sheets, planning reports, cost estimates, sales projections and forecasts.

Innova provided no documents regarding costs whatsoever, and the only list of components it did produce excluded the actuator, a component which is necessary to the ADSA's functionality. (See Polk Aff. Ex. E.) Request No. 10 reasonably seeks documents relevant to this Court's determination of sanctions and Innova has no proper justification for withholding them.

In the end, the discovery requests are plainly relevant to the willfulness and sanctions issues. Innova's counsel recognized that this discovery would occur if Innova was found to be in contempt. Without providing any explanation, Innova has simply ignored Proveris's requests for Innova to produce the discovery. Considering the documents obtained by Proveris from other sources regarding Innova's continuing contemptuous activities, the inescapable conclusion reached from Innova's silence is that it is purposefully withholding documents in an effort to continue its contemptuous conduct and do what it can to avoid a finding of willfulness and the entry of a significant sanction. Innova most certainly has no respect for this Court's orders and the Court should not be stymied by a contemnor in its efforts to determine a proper sanction.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order compelling Innova to provide all documents and information withheld on the basis that it was only relevant to the issue of sanctions, which encompasses the issue of willfulness, including all information sought in Interrogatory No. 8, all documents responsive to Document Request No. 10, and all other documents and materials responsive to Proveris's Interrogatories and Requests. Alternatively, the Court should order Innova to open its records to, and pay for a forensic accountant selected by the Court or Proveris, at the Court's discretion, to review and analyze Innova's records for information relevant to sanctions.

**Respectfully submitted,**

PROVERIS SCIENTIFIC CORPORATION
Plaintiff
By its attorneys,


/s/Victor H. Polk, Jr.
Victor H. Polk, Jr., BBO #546099
GREENBERG TRAURIG, LLP
polkv@gtlaw.com
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 Fax

Susan H. Farina, BBO #568068
PROVERIS SCIENTIFIC CORPORATION
290 Donald Lynch Boulevard, Suite 100
Marlborough, MA 01752
(508) 460-8822
(508) 460-8942 Fax

Dated: October 20, 2010

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants as of October 20, 2010.

/s/ *Victor H. Polk, Jr.*